Francisco CADENA, Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 79–1503

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 20, 1980.

Rehearing and Rehearing En Banc
Denied March 17, 1980.

Francisco Cadena, pro se.

Mark White, Atty. Gen., John W. Fainter, Jr., Ted L. Hartley, W. Barton Boling, Renea Hicks, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before GEE, HENDERSON and HATCHETT, Circuit Judges.

PER CURIAM.

Appellant, arraigned in a state proceeding without counsel, appeals the denial of habeas corpus, asserting that arraignment was a "critical stage" of the state proceeding at which the presence of counsel was required. *Hamilton v. Alabama*, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961). An Alabama arraignment was there held to be such a critical stage in view of the great number of available defenses waived or lost if not there asserted, defenses such as insanity, pleas in abatement, and challenges to the composition of the grand jury. The Court recognized, however, that "[a]rraignment has differing consequences in the various jurisdictions." 368 U.S. at 54, n. 4, 82 S.Ct. at 158.

In Texas, by contrast, the only defense waived by appellant's uncounselled "Not guilty" plea at his arraignment was that the name on the indictment was not appellant's true name—a defense which he has never suggested he might have asserted. At appellant's arraignment he pled "Not guilty," asserted indigency, and was appointed counsel who represented him thenceforward.

* Fed.R.App.P. 34(a); 5th Cir.R. 18.

Assuming *arguendo* that a Texas arraignment is a "critical stage," we have held in similar circumstances that even on direct appeal a defendant may question failure to provide counsel only where potential substantial prejudice inheres. *United States v. Lacy*, 446 F.2d 511 (5th Cir. 1971). In view of appellant's "Not guilty" plea, of the immediate appointment of counsel, and of the minor nature of the sole defense waived— the assertion of which would doubtless have resulted only in the correction of the indictment—we can conceive of no such prejudice here.

The Court, moreover, has indicated that the doctrine of harmless constitutional error applies in somewhat similar circumstances, *Moore v. Illinois*, 434 U.S. 220, 232, 98 S.Ct. 458, 54 L.Ed.2d 424 (1977). We hold that it applies here, and that in the circumstances presented here any error was harmless beyond a reasonable doubt.

AFFIRMED.