**Wayne Robert FELDE,
Petitioner-Appellant,**

v.

**Frank BLACKBURN, Warden,
Louisiana State Penitentiary,
Respondent-Appellee.**

No. 85–4437.

United States Court of Appeals,
Fifth Circuit.

July 21, 1986.

---

Millard C. Farmer, Atlanta, Ga., Quigley & Scheckman, William P. Quigley, New Orleans, La., for petitioner-appellant.

Paul Carmouche, Dist. Atty., Shreveport, La., Wm. Guste, Jr., Atty. Gen., Baton Rouge, La., A.M. Stroud, III, Asst. Dist. Atty., Shreveport, La., for respondent-appellee.

Before GEE, RANDALL, and DAVIS, Circuit Judges.

GEE, Circuit Judge:

In 1981, petitioner Wayne Felde was convicted and sentenced to death in Louisiana state court for the first degree murder of Shreveport police officer Thomas Glen Thompkins. His appeal unsuccessful, *State v. Felde*, 422 So.2d 370 (La.1982), Felde has since sought habeas relief in the state courts and federal district court to no avail. We now take up his habeas claims.

The petitioner's first claim is that he was denied effective assistance of counsel in the penalty phase of his trial, when his attorney, concededly acting on instructions, suggested to the jury that life imprisonment would be unbearable and requested that it return a sentence of death, a request the jury obliged. The petitioner contends that he was mentally incompetent to give such instructions and that in any event the attorney was derelict in his duty to follow them.

We dealt with a similar claim of ineffectiveness of counsel in *Autry v. McKaskle*, 727 F.2d 358 (5th Cir.1984). In *Autry*, the petitioner was convicted of two counts of first degree murder after a vigorous defense. In the sentencing phase of the trial that followed, the defendant gave instructions to his attorney not to argue against the imposition of the death penalty, instructions that the attorney obeyed. Autry's habeas petition argued that the failure of the attorney to seek a competency hearing before abiding by such instructions amounted to ineffective assistance of counsel in the sentencing phase. We rejected that argument, declaring:

[T]he Supreme Court has refused pro se withdrawal of a petition for writ of certiorari absent a competency hearing when counsel questioned his client's competence and supported his concern with a report by an examining psychiatrist who found him incompetent. *Rees v. Peyton*, 384 U.S. 312, 86 S.Ct. 1505, 16 L.Ed.2d 583 (1965). It does not follow for us that refusing to plead for mercy after being convicted of two execution-style slayings will *alone* so implicate a defendant's competency as to render his counsel constitutionally ineffective for not seeking an inquiry into competency before abiding the client's decision. *There is no other evidence from trial or from the post-conviction evidentiary hearings that raises questions about Autry's competence.* The United States district judge found no suggestion of incompetence after reviewing the entire trial record and listening to the testimony of

Autry and all the witnesses. Those witnesses included the priest who attended Autry on the eve of his aborted execution, Autry's mother and prison officials. *None suggested that Autry was or is other than competent.*

While categorization of decisions as the personal choices of a criminal defendant or the tactical choices of counsel is not always an easy task, cf. *Jones v. Estelle,* 722 F.2d 159 (5th Cir.1983) (en banc), the United States district court found that Autry made the decisions he now charges his lawyer incompetently made. *If Autry knowingly made the choices, Carver was ethically bound to follow Autry's wishes. Foster v. Strickland,* 707 F.2d 1339, 1343 (11th Cir.1983) (emphasis added).

\* \* \* \* \* \*

In sum, Carver [Autry's attorney] was not ineffective in not seeking a competency hearing before abiding Autry's decision, *absent a more substantial reason to suspect incompetence than the lawyer's view that Autry's decision was injurious to the case.* 727 F.2d at 362–363 (emphasis added).

In its disposition of this issue, the United States district court stated:

> The record shows that the court and defense counsel were familiar with the facts and circumstances underlying the defendant's demands, the physical conditions under which the defendant was maintained, and defendant's apparent competence to assist defense counsel in preparation and conduct of trial. In the absence of apparent mental deficiency, defendant's pursuit of an "all-or-nothing" result was not sufficient in itself to warrant a competency hearing. Defense counsel's familiarity with the defendant precludes a finding that he was ineffec-

tive in failing to seek a competency hearing.

The record shows that Felde's attorney was familiar with his client's condition as the trial commenced. But given the defense theory, insanity, and the evidence introduced to support it—as well as the facts surrounding Felde's incarceration—it is less clear to us that on the face of this record there was an "absence of apparent mental deficiency" on Felde's part.

■ We note the Louisiana Supreme Court's observation that Felde's sanity commission concluded that he was competent to stand trial at the time of the commission's report, *State v. Felde,* supra, 422 So.2d at 376, and the Louisiana Supreme Court's conclusion that Felde was "mentally competent to stand trial." *Id.* at 395. Counsel ordinarily would not be deficient in failing to request a second competency hearing for a defendant whom the state trial court has already found to be competent. The state court's finding of mental competence to stand trial, and, inferentially, mental competence to waive sixth amendment rights through the instructions Felde gave his attorney, is a finding of fact entitled to a presumption of correctness under 28 U.S.C. § 2254(d). *Maggio v. Fulford,* 462 U.S. 111, 116–17, 103 S.Ct. 2261, 2263–64, 76 L.Ed.2d 794 (1983).[1] However, there are certain situations in which the presumption of correctness does not apply. § 2254(d)(1)–(8). One of those situations is arguably present in this case. Section 2254(d)(8) states that the presumption of correctness does not apply to fact determinations "not fully supported by the record." The issue we face, therefore, is whether the state court's determination of competence is fairly supported by the record, or if another exception applies.

The Louisiana Supreme Court's finding that Felde was competent to stand trial

---

1. A "person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." *Drope v. Missouri,* 420 U.S. 162, 171, 95 S.Ct. 896, 903, 43 L.Ed.2d 103 (1975). Felde does *not* argue that he was incompetent to be tried. *See* Rec. v. 1, at 44–45. Rather, Felde's competence is an issue in this case, in light of the allegations of the petition and his brief on appeal, only as to whether he could knowingly and intelligently waive his sixth amendment right to effective counsel at the sentencing hearing.

was apparently based entirely on the reports of the sanity commission members. However, the sanity commission reports are absent from the record before us, and there is no indication when its members completed their reports. The Louisiana Supreme Court states that Dr. Marceau, one of three examining psychiatrists, saw Felde on January 31, 1979, some 18 months before Felde's trial. The second commission member, Dr. Braswell, examined Felde on January 22 and February 19, 1979. The third, Dr. Mauroner, examined Felde on January 29, and February 5 and 19, 1979.

■ In light of our reasoning in *Autry*, we believe the district court was obligated to determine whether the state court finding that Felde was competent to stand trial and thus to waive his right to counsel is fairly supported by the record. Such a determination cannot be made on the basis of the present record, which does not include the only information on which the state court based its finding of competence. Whether the examinations of Felde were close enough to the time of trial that the defense attorney need not have requested a competency hearing, in light of the intervening events Felde alleges took place, may be relevant to the district court's inquiry as to whether the state court finding is entitled to a presumption of correctness and to whether Felde's counsel should have asked for a second competency hearing.

We will thus remand for the purpose of considering this issue on an expanded record. If, on remand, the district court concludes that the state court finding of competence is not entitled to a presumption of correctness, the district court should conduct an evidentiary hearing and make findings as to whether or not there was an "absence of apparent mental deficiency" on Felde's part so that the principles enunciated in *Autry* were satisfied.[2]

Felde challenges as prejudicial certain remarks by the prosecutor in his closing statement and rebuttal. In those remarks the prosecutor referred to evidence not in the record, warning in addition that if the petitioner was found not guilty by reason of insanity he might easily escape.

■ In federal habeas actions, improper jury argument by the state does not present a claim of constitutional magnitude unless it is so prejudicial that the petitioner's state court trial was rendered fundamentally unfair within the meaning of the Fourteenth Amendment's Due Process Clause. *Kirkpatrick v. Blackburn*, 777 F.2d 272, 281 (5th Cir.1983). To establish that a prosecutor's remarks are so inflammatory as to prejudice the substantial rights of a defendant, the petitioner must demonstrate either persistent and pronounced misconduct or that the evidence was so insubstantial that (in probability) but for the remarks no conviction would have occurred. *Id.* At best, the petitioner suggests that "it cannot be said with any degree of certainty" that the allegedly prejudical remarks "had no effect on the outcome" of the case. That is true. The burden, however, was not on the state to make such a showing. The petitioner has failed to carry his burden of showing that the evidence against him was so insubstantial that but for these remarks no conviction would have occurred.

■ Citing *Grisby v. Mabry*, 758 F.2d 226 (8th Cir.1985) (en banc), the petitioner next argues that his right to a jury selected from a cross-section of the community was violated by the exclusion of thirty veniremen stricken for cause under *Witherspoon v. Illinois*, 391 U.S. 510, 520, 88 S.Ct. 1770, 1776, 20 L.Ed.2d 776 (1968) because of their moral qualms about the death penalty. We have rejected this argument before, *see, e.g., Wicker v. McCotter*, 783 F.2d 487,

---

**2.** If the finding of competency by the state court is fairly supported by the record on which that finding was made, the state may nevertheless be required to resentence Felde depending on the findings of the district court on remand. A resentencing will be necessary if Felde can establish that his mental condition deteriorated significantly between his competency hearing and trial and: (1) his counsel was or should have been aware of his deteriorated mental condition, and (2) reasonably effective counsel would have determined that if another competency hearing had been requested the court probably would have found Felde incompetent to stand trial.

493–494 (5th Cir.1986), and do so again today. More to the purpose, the Supreme Court has now likewise done so. *Lockhart v. McCree,* —— U.S. ——, 106 S.Ct. 59, 88 L.Ed.2d 48 (1986).

The petitioner's next claim is that his Fifth and Sixth Amendment rights were violated by prosecution references to statements made by the petitioner to a psychiatrist during the course of the court-ordered sanity commission examination. Assuming, arguendo, that these statements were inadmissible in the state's case in chief since Felde had not been given the Miranda warning before the examination (even though Felde placed his sanity at issue), the statements were properly used during Felde's cross-examination and in the prosecution's closing statement and rebuttal for impeachment purposes. *Harris v. New York,* 401 U.S. 222, 226, 91 S.Ct. 643, 646, 28 L.Ed.2d 1 (1971).

### Conclusion

We find no merit in any of petitioner's claims save his contention that he lacked effective assistance of counsel in the sentencing phase of his trial. Since the record is incomplete on that point, we **REMAND** to the district court for proceedings consistent with this opinion.