SCHOTT, Judge.
This case is before us on writ of certiora-ri granted on the state’s application. Defendant and Edward Allen were indicted for first degree murder. After entering into an agreement with the state that he would testify against Allen in exchange for a reduction of the charge against him to manslaughter defendant made statements to Jim Williams, an assistant district attorney, in several interviews. He stated that he and Allen decided to rob a grocery, they both went into the store, he stepped outside to act as a lookout while Allen was actually committing the robbery, Allen shot the vie- *849 tim because she didn’t give him the money fast enough, and they both fled in Allen’s automobile. However, when called at Allen’s trial, defendant testified that he and Allen were not involved in the murder and the case against Allen concluded in a mistrial. The state is now proceeding with the first degree murder charge against defendant, and he moved to suppress the statements he made to Williams. When the trial court granted the motion the state applied to this court for supervisory writs to enable the state to use the statements for rebuttal or impeachment in the event defendant testifies at his trial.
Before reaching the substance of the case we must first address a procedural objection raised by defendant. When the state notified the trial court of its intention to apply for supervisory writs the trial court fixed May 15 as the deadline for the state to file its application. On May 18 the trial court extended the deadline to May 20 which is the date when the application was filed. Defendant would have the application dismissed as in State v. Leitch, 436 So.2d 1322 (La.App. 4th Cir.1983) in which the court held that the trial court may not extend the deadline for filing a writ application when the original time for filing has expired.
We decline to follow the Leitch case for two reasons. First, in Leitch the court, while dismissing the application because of the time problem, specifically noted that the application had no merit anyway. The same cannot be said of the instant application. More importantly, however, the record reflects that the trial judge wanted the state to seek writs with respect to his ruling, and when the state moved for the extension on May 18 defendant objected citing the rule that there cannot be an extension of the date after it has passed. The transcript of this May 18 hearing was filed in this court on June 18 and upon our review of it we noticed the question of the application’s untimely filing. However, had the application been dismissed for that reason nothing prevented the state from returning to the trial court and initiating a new application. Since the trial judge was anxious to have the question reviewed he undoubtedly would have accepted the new notice and set a new date for filing the application in this court. Consequently, we concluded that a dismissal of the application on this procedural ground would have been pointless and would simply postpone a resolution of a serious substantial issue in connection with the prosecution of a first degree murder charge. Since the ruling of the trial court is incorrect and unfairly hampers the prosecution of the defendant the interests of justice would not be served by dismissing the application on this procedural ground.
Following the meetings between Williams and defendant the state provided defendant with a grant of immunity for prosecution for testimony he would give at Allen’s trial with the stipulation that the testimony “will not be used against him in any criminal case, except for perjury, or giving a false statement.” The grant further provided that it “does not extend to the use of any testimony or information gained outside of this trial testimony.” Williams testified at the hearing on the motion that he told the defendant that if he testified truthfully against Allen the charge would be reduced to manslaughter, and he could plead guilty to that crime, but no promises were made with regards to the sentence he would receive. Williams never advised defendant of his right to remain silent and he did not give him a Miranda warning.
In Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971) the court held that statements inadmissible in the state’s case in chief because in violation of Miranda would be admissable for impeachment purposes if the defendant took the stand. The court reasoned that an opposite conclusion would invite and encourage the defendant to commit perjury. In Felde v. Blackburn, 795 F.2d 400 (5th Cir.1986) the court held that statements by defendant to a psychiatrist during a court ordered sanity hearing were admissible for impeachment purposes despite the absence of a Miranda warning. These cases support the state’s position in the instant case. One of the primary objectives of our system of justice is to determine the truth. This objective would not be served if the defendant could take the witness stand and testify under *850 oath that he had nothing to do with this murder and be insulated from questions about his statements to Williams that he committed the crime.
Defendant contends that C.Cr.P. art 559 renders Williams’s testimony inadmissible. This provides in part that when a guilty plea has been withdrawn or set aside, the plea and the facts surrounding its entry shall not be admissible in evidence at the trial. We are not concerned here with a guilty plea but with statements made by the defendant which, according to Williams, led to an agreement by which defendant would be exposed to a far less serious charge and sentence than first degree mu-der and a possible death sentence. Art. 559 has no application to such facts.
Defendant next argues that Rule 11 of the Federal Code of Criminal Procedure, which would seem to render the subject statements inadmissible, applies to this case. The State of Louisiana has not seen fit to adopt this particular rule of evidence and it has no application to proceedings in our state courts.
Accordingly, the judgment of the trial court granting the defendant’s motion to suppress the statements he made to Jim Williams is reversed in part and the motion is denied to the extent that such statements are admissible for rebuttal or impeachment purposes in the event that defendant testifies at trial.
REVERSED IN PART.