IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10263
_____


DORSIE LEE JOHNSON BEY,

                         Petitioner-Appellant,

          versus

          WAYNE SCOTT, Director,
          Texas Department of Criminal Justice,
          Institutional Division

                         Respondent-Appellee.

_____

          Appeal from the United States District Court
               for the Northern District of Texas
                        (5:94-CV-0020-C)

_____
                        December 27, 1995
Before KING, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM[*]:

     Dorsie Lee Johnson-Bey, Jr., a Texas prisoner convicted of

capital murder and sentenced to death, appeals from the district

court's judgment dismissing with prejudice his petition for the

writ of habeas corpus.

---

     [*]Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens the legal profession."
Pursuant to that Rule, the court has determined that this opinion
should not be published.

# I. BACKGROUND

Dorsie Lee Johnson-Bey, Jr. ("Johnson-Bey") murdered Jack
Huddleston in Scurry County, Texas, on March 23, 1985. The
factual circumstances of Johnson-Bey's crime, as summarized by
the Texas Court of Criminal Appeals, are as follows:

> In the early morning hours of Sunday, March 23, 1986,
> [Johnson-Bey] and his accomplice, Amanda Miles, decided
> to commit a robbery at the Allsup's convenience store
> in Snyder[, Texas]. After planning the crime, deciding
> that there should be no witnesses, and waiting for the
> store to clear of customers, the pair entered the
> store. On the pretext of wanting a particular item,
> [Johnson-Bey] lured Huddleston, the clerk, back to the
> cooler where [Johnson-Bey told him that] this was a
> robbery and to lie face down on the floor. [Johnson-
> Bey] then shot the clerk in the back of the neck with a
> .25 caliber pistol, killing him. Amanda Miles emptied
> out the cash drawer taking approximately $160.00 (one
> hundred sixty dollars.) Two cartons of cigarettes were
> also taken.
>
> [Johnson-Bey] was arrested in April for a subsequent
> robbery and attempted murder of a store clerk in the
> neighboring town of Colorado City. It was in the
> course of investigating this latter offense that
> [Johnson-Bey] confessed to the capital offense
> committed in Snyder.

Johnson v. State, 773 S.W.2d 322, 324 (Tex. Cr. App. 1989).

Johnson-Bey was indicted for capital murder on May 29, 1986;
he was tried by jury and convicted of capital murder on November
12, 1986, and, following the presentation of evidence related to
punishment, he was sentenced to death on November 14, 1986. On
direct appeal, the Texas Court of Criminal Appeals affirmed
Johnson-Bey's conviction and sentence on June 21, 1989. Johnson
v. State, 773 S.W.2d 322 (Tex. Crim. App. 1989). The United
States Supreme Court granted Johnson-Bey's petition for a writ of

certiorari, and affirmed his conviction and sentence.  <u>Johnson v. Texas</u>, 113 S. Ct. 2658 (1993).

On November 9, 1993, Johnson-Bey initiated a state habeas action pursuant to Tex. Code. Crim. Proc. Ann. art. 11.07 by filing an application for state habeas relief in the convicting state district court.  The Texas Court of Criminal Appeals denied habeas relief, on the recommendation of the trial court's Findings of Fact and Conclusions of Law, on January 24, 1993.  Johnson-Bey initiated a second state habeas action, raising two additional grounds, on January 18, 1994.  The Court of Criminal Appeals again denied relief on January 26, 1994.

Also on January 26, Johnson-Bey filed a federal petition for the writ of habeas corpus in the United States District Court for the Northern District of Texas, Lubbock Division.  The case was referred to a magistrate judge, who filed Findings of Fact and Conclusions of Law on December 14, 1994, recommending that habeas corpus relief be denied.  On January 17, 1995, the district court entered an order adopting the magistrate judge's recommendation, which dismissed Johnson-Bey's habeas petition with prejudice and denied all relief.  Johnson-Bey filed a motion to alter or amend the judgment, which the district court denied on February 15, 1995.  Johnson-Bey then filed a timely notice of appeal to this court.  The district court granted a certificate of probable cause.

## II. STANDARD OF REVIEW

3

In considering a federal habeas corpus petition presented by a petitioner in state custody, federal courts must accord a presumption of correctness to state court factual findings. See 28 U.S.C. § 2254(d); Barnard v. Collins, 958 F.2d 634, 636 (5th Cir. 1992), cert. denied, 113 S. Ct. 990 (1993). We review the district court's findings of fact for clear error, but review any issues of law de novo. Barnard, 958 F.2d at 636.

## III. DISCUSSION

Johnson-Bey alleged thirty-seven grounds of error in his federal petition for the writ of habeas corpus, which were each addressed in the magistrate judge's findings of fact and conclusions of law. On appeal, Johnson-Bey raises only five points of error, namely, that: (1) the district court erred in denying an evidentiary hearing on Johnson-Bey's claim that Juror Barbee was biased against him and should have been dismissed for cause; (2) the district court erred in refusing to grant habeas relief because the state trial court failed to excuse Jurors Kiker, Barbee, and Lammert after they declared that they would not consider youth as a mitigating circumstance; (3) the district court erred in rejecting the claim that the prosecutor's improper argument at the sentencing phase deprived Johnson-Bey of his Eighth and Fourteenth Amendment rights; (4) the district court erred in failing to address Johnson-Bey's claim that he was denied the right to counsel at his pre-trial arraignments; and (5) the denial of counsel at the arraignments violates Johnson-

4

Bey's Sixth Amendment rights.  We will address each argument in turn.


**A.    Evidentiary Hearing on Juror Bias**

Johnson-Bey argues that the district court erred in denying an evidentiary hearing on his claim that Juror Barbee intentionally failed to disclose two prior instances of jury service, indicating bias.  The magistrate judge rejected this claim without an evidentiary hearing, finding that although Barbee failed to remember accurately the details of his prior jury service, "nothing in his voir dire examination [] in any way indicates he was secreting or hiding information."

To receive a federal evidentiary hearing, a habeas corpus petitioner must allege facts that, if proved, would entitle him to relief.  Wilson v. Butler, 825 F.2d 879, 880 (5th Cir. 1987), cert. denied, 484 U.S. 1079 (1988).  "[T]he remedy for allegations of juror partiality is a hearing in which the defendant has the opportunity to prove actual bias."  Smith v. Phillips, 455 U.S. 209, 215 (1982).  To obtain relief on a claim that a venire member concealed information, "a party must first demonstrate that a juror failed to answer honestly a material question on voir dire and then further show that a correct response would have provided a valid basis for challenge for cause."  McDonough Power Equipment, Inc. v. Greenwood, 464 U.S. 548, 556 (1984); United States v. Scott, 854 F.2d 697, 698 (5th Cir. 1988) (applying the McDonough test in a criminal case).

5

We conclude that the district court did not err in denying an evidentiary hearing on this claim because, even if Johnson-Bey's allegations are true, Barbee would not have been subject to a challenge for cause on the basis of the omitted information. In his jury questionnaire and upon voir dire, Juror Barbee stated that he had served as foreman on a criminal jury in an assault case in 1971, but he also stated on voir dire that he did not remember all the details about his service. Johnson-Bey alleges that court records reveal that Barbee had served on a jury in a murder case, and had served as foreman of a jury in a robbery case, in 1970 and 1972, respectively. The magistrate judge found that Barbee had not intentionally concealed the additional jury service, but merely had forgotten the details of his service, as he stated in voir dire. This factual finding is not clearly erroneous. See Barnard v. Collins, 958 F.2d 634, 636 (5th Cir. 1992), cert. denied, 113 S. Ct. 990 (1993). Furthermore, even if Johnson-Bey could prove at an evidentiary hearing that Barbee deliberately concealed his service on a murder jury, prior service on a murder jury and as foreman of a robbery jury would not have supported a challenge for cause. See Kirkland v. State, 786 S.W.2d 557, 559 (Tex. App.--Austin 1990, no pet.) ("It is well settled that it is not a ground for disqualification that prospective jurors have served on a jury in a case against another defendant charged with an offense of the same character."); Tex. Code Crim. Proc. Ann. art. 35.16 (Vernon 1989).

6

Johnson-Bey additionally argues that we should presume bias solely from the alleged fact that Barbee deliberately concealed material information, relying on, inter alia, United States v. Scott, 854 F.2d 697 (5th Cir. 1988), and Burton v. Johnson, 948 F.2d 1150 (10th Cir. 1991). We again note that the district court's factual finding that Barbee simply forgot, rather than intentionally concealed, his jury service history is not clearly erroneous.

Because Johnson-Bey does not allege facts which, if true, would entitle him to habeas relief, we affirm the district court's denial of habeas relief on this ground without an evidentiary hearing.

## B.   Voir Dire: Youth as a Mitigating Factor

Johnson-Bey argues that the district court erred in denying habeas relief because the state trial court refused to excuse Jurors Barbee, Lammert, and Kiker for cause after they declared during voir dire that they would not consider youth as a mitigating factor in answering the special issues at the sentencing phase. Johnson-Bey contends that under the rule announced in Morgan v. Illinois, 504 U.S. 719 (1992),[1] prospective jurors must be willing to consider particular evidence, such as a defendant's age, as a mitigating factor in

---

[1]   In Morgan, the Court held that the Fourteenth Amendment requires that a juror who will automatically vote for the death penalty in every case in which the defendant is found guilty shall be excused for cause. 504 U.S. 719, 729 (1992).

sentencing. We need not reach the question posed by Johnson-Bey-
-whether jurors are constitutionally required to consider
particular evidence as mitigating--because the state habeas court
made factual findings that Barbee, Lammert, and Kiker had
indicated in voir dire that they could consider youth as a
mitigating factor. These factual findings are entitled to a
presumption of correctness under 28 U.S.C. § 2254(d).[2]

---

[2] Section 2254(d) provides:

In any proceeding instituted in a Federal court by
an application for a writ of habeas corpus by a person
in custody pursuant to the judgment of a State court, a
determination after a hearing on the merits of a
factual issue, made by a State court of competent
jurisdiction in a proceeding to which the applicant for
the writ and the State or an officer or agent thereof
were parties, evidenced by a written finding, written
opinion, or other reliable and adequate written
indicia, shall be presumed to be correct, unless the
applicant shall establish or it shall otherwise appear,
or the respondent shall admit--
    (1) that the merits of the factual dispute were
not resolved in the State court hearing;
    (2) that the factfinding procedure employed by the
State court was not adequate to afford a full and fair
hearing;
    (3) that the material facts were not adequately
developed at the State court hearing;
    (4) that the State court lacked jurisdiction . . .
    (5) that [the State court failed to appoint
counsel for an indigent applicant] . . .
    (6) that the applicant did not receive a full,
fair, and adequate hearing in the State court
proceeding; or
    (7) that the applicant was otherwise denied due
process of law in the State court proceeding;
    (8) or unless . . . the Federal court on a
consideration of [the relevant] part of the record as a
whole concludes that such factual determination is not
fairly supported by the record.

28 U.S.C. § 2254(d).

8

<u>Wainwright v. Witt</u>, 469 U.S. 412, 426 (1985); <u>Patton v. Yount</u>, 467 U.S. 1025, 1036 (1984).

Johnson-Bey contends that the § 2254(d) presumption of correctness should not apply to the state court's findings in this case for three reasons: (1) because the state habeas court findings were made seven years after the trial, the state court was not in a better position to evaluate the credibility and demeanor of the jurors than is this court; (2) Johnson-Bey was denied a fair opportunity to challenge these findings; and (3) the findings are not supported by the record.  We reject these contentions.

First, Johnson-Bey's argument that the presumption of correctness is inapplicable because the factual findings were not contemporaneous with the challenges for cause is incorrect. Although one reason state court findings are accorded a presumption of correctness is that the state trial judge is in a better position to judge the credibility and demeanor of witnesses, the § 2254(d) presumption of correctness also embodies principles of federalism.  <u>Sumner v. Mata</u>, 449 U.S. 539, 547 (1981).  These principles support the application of the presumption of correctness to state appellate court findings made on the basis of the trial court record, as well as state trial court findings.  <u>Id.</u>  Furthermore, that the factual findings were made by the state court during the habeas proceeding rather than contemporaneous with voir dire does not render the presumption of correctness inapplicable.  <u>See</u> <u>Williams v. Lynaugh</u>, 809 F.2d

9

1063, 1066 (5th Cir. 1987) (according a presumption of correctness to factual findings that juror was properly excused for cause made by the Texas Court of Criminal Appeals upon habeas review), cert. denied, 481 U.S. 1008 (1987).

Johnson-Bey next contends that the factual findings are not entitled to a presumption of correctness because he was denied any fair opportunity to challenge the findings, invoking the exception of § 2254(d)(6). This contention lacks merit. Johnson-Bey had an opportunity to challenge the state court's findings in the state habeas proceeding, which satisfies the requirement that the applicant receive a full, fair and adequate hearing in the state court. 28 U.S.C. § 2254(d)(6); see May v. Collins, 955 F.2d 299, 310 (5th Cir. 1992) (holding that a state court affords a full, fair, and adequate hearing so long as the state and the petitioner are parties to the proceeding and written findings are made, citing Sumner v. Mata, 449 U.S. 539 (1981)), cert. denied, 504 U.S. 901 (1992).

Finally, Johnson asserts that the state court's findings that Lammert, Barbee, and Kiker could consider youth as a mitigating factor were not supported by the record, citing brief portions of each juror's voir dire. However, section 2254(d) provides an exception to the presumption of correctness only if the federal court determines that the state court factual findings were not supported by the record as a whole. 28 U.S.C. § 2254(d)(8). We conclude that the record provides ample support for the state court's findings. When first asked whether he

10

thought the age of a person charged was a factor to consider in answering special issue number two, concerning future dangerousness, Barbee answered "I don't think age would make any difference." However, upon further questioning, Barbee stated that people definitely can change, and he agreed that younger people will sometimes do things that they might not do in the future. Lammert stated that individuals can change, that people do things when they are young that they would in the future consider wrong and never do again, and that he would not now do some of the things he did as a teenager. Although he also stated that he did not consider a nineteen-year-old to be a "youth", he reaffirmed that he believed that "people do change in time." Kiker stated that she believed a nineteen-year-old with the maturity of a twelve-year-old should be treated the same for punishment purposes as a nineteen-year-old with the maturity of a twenty-five-year-old. However, she also testified that: "Yes people can change. What they have been like as a young adult does not necessarily mean that that's the way they'll be in their older adult years." Therefore, the record of these three jurors' voir dire testimony as a whole supports the state court's factual findings that these jurors could consider youth as a mitigating factor. We affirm the district court's judgment denying habeas relief on the ground that Jurors Barbee, Lammert and Kiker refused to consider youth as a mitigating factor in the punishment phase.

## C.    Prosecutor's Argument

Johnson-Bey contends that the district court erred in denying habeas relief on the basis that comments made by the prosecutor in closing argument during the sentencing phase violated his Eighth and Fourteenth Amendment Rights.  During the course of the prosecutor's closing argument at sentencing, the following exchange took place:

> MR. ARMSTRONG (the prosecutor):  First of all, you will recall or you should recall, that even if somebody voluntarily took drugs or voluntarily became intoxicated, that is not a defense.  That does not excuse nor make or change the fact that he is guilty of capital murder or lessen the punishment.
>
> MR. CONARD (the defense counsel):  Your Honor, I object to that statement in that it implies to the Jury that they cannot consider that as a mitigating factor when, in fact, that is the law.
>
> THE COURT:  Of course, what he says is true, but the Jury may consider that as a mitigating factor if they wish.
>
> MR. ARMSTRONG:  Thank you, Your Honor.
>
> MR. CONARD:  Is my objection overruled?
>
> THE COURT:  Yes, overruled.

Johnson-Bey alleges that the prosecutor's argument misstated the law, that the court endorsed the misstatement of the law, and that these statements violated his right to due process by preventing the jury from considering voluntary intoxication as a mitigating factor.

Improper prosecutorial argument does not present a constitutional claim cognizable on federal habeas review unless such argument was "so prejudicial that the petitioner's state

12

court trial was rendered fundamentally unfair within the meaning of the Fourteenth Amendment Due Process Clause."[3]  Ward v. Whitley, 21 F.3d 1355, 1364 (5th Cir. 1994), cert. denied, 115 S. Ct. 1257 (1995); Felde v. Blackburn, 795 F.2d 400, 403 (5th Cir. 1986); see Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974). To establish that a prosecutor's remarks are fundamentally unfair, "the petitioner must demonstrate either persistent and pronounced misconduct or that the evidence was so insubstantial that (in probability) but for the remarks no conviction [or death sentence] would have occurred." Byrne v. Butler, 845 F.2d 501, 507 (5th Cir. 1988), cert. denied, 487 U.S. 1242 (1988); Felde, 795 F.2d at 403.

Assuming without deciding that the prosecutor's argument-- that voluntary intoxication could not lessen Johnson-Bey's punishment--was improper, nevertheless we conclude that this improper argument did not render Johnson-Bey's trial or sentencing fundamentally unfair.  First, the challenged

---

[3]    Johnson-Bey contends that the Boyde v. California, 494 U.S. 370 (1990), standard for reviewing jury instructions should apply.  He argues that this claim is properly reviewable as a challenge to an objectionable jury instruction because he claims that the court's comments "endorsed" the prosecution's misstatement of the law.  This contention lacks merit.  Johnson-Bey does not challenge any part of the court's charge to the jury. He does not claim that the trial court gave erroneous instructions or failed to instruct the jury in regard to any matter.  Moreover, in response to defense counsel's objection, the court stated that the jury may consider voluntary intoxication as mitigating evidence, if they wish.  As found by the district court, "this claim is one directed solely to the prosecutor's closing argument at the Sentencing phase."  Hence, we shall apply the standard for reviewing improper prosecutorial argument.

13

prosecutorial argument is an isolated statement, not repeated or persistent misconduct. The ample evidence presented in this case regarding guilt and punishment was not so insubstantial that but for this one remark the death sentence would not have been imposed. See Byrne, 845 F.2d at 508. Second, the prosecutor's statement did not manipulate or misstate the evidence, nor did it implicate a specifically guaranteed right of the accused, such as the privilege against self-incrimination. See Darden v. Wainwright, 477 U.S. 168, 181 (1986). Additionally, the court instructed the jury that counsel's argument was not evidence, and that it should follow the law as presented in the jury charge.

Finally, the prosecutor's statement did not prevent the jury from considering voluntary intoxication as a mitigating factor. Johnson-Bey was allowed to introduce evidence of voluntary intoxication. The jury charge instructed the jury to consider all evidence presented for either aggravating or mitigating purposes. Immediately after the challenged statement was made, although the court overruled defense counsel's objection, it informed the jury that they could consider evidence of voluntary intoxication as a mitigating factor.

In sum, the challenged comment did not render Johnson-Bey's trial or sentencing fundamentally unfair. Therefore, we affirm the district court's denial of habeas relief on this claim.

**D.   Denial of Counsel at a Critical Stage**

14

Finally, Johnson-Bey argues that the district court erred in failing to address his claim that he was denied his Sixth Amendment right to counsel at his pre-trial arraignments. Additionally, he maintains that this court should grant habeas relief because the state trial court denied his right to counsel at a critical stage of the proceedings by permitting him to enter uncounseled "not guilty" pleas at two pre-trial arraignments without first securing a valid waiver of the right to counsel, relying on White v. Maryland, 373 U.S. 59 (1963).

We need not decide whether the district court erred in failing to address Johnson-Bey's White v. Maryland claim, because Fifth Circuit precedent forecloses this claim on the merits. Cadena v. Estelle, 611 F.2d 1385 (5th Cir.), cert. denied, 449 U.S. 848 (1980). In Cadena, we determined that, even if a Texas arraignment is a critical stage of the proceeding, "a defendant may question failure to provide counsel only where potential substantial prejudice inheres." Id. at 1386. The only defense waived by a not guilty plea at a Texas arraignment is "that the name on the indictment [is] not appellant's true name--a defense which [Johnson-Bey] has never suggested he might have asserted." Id. at 1385. Therefore, Johnson-Bey cannot challenge the state trial court's failure to provide counsel because no prejudice resulted from such failure.[4]

---

[4]    Johnson-Bey urges this court to distinguish Cadena on the basis that "death is different." We are not inclined to believe that death is different with respect to the effects of a not guilty plea at a Texas pre-trial arraignment. However, even if we determined that a different rule should apply in capital

15

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment dismissing Johnson-Bey's petition and denying all habeas relief.

---

cases, such a holding would create a "new rule," which we cannot do in reviewing a petition for habeas corpus. <u>See</u> <u>Teague v. Lane</u>, 489 U.S. 288 (1989).