**Warren Eugene BRIDGE, Petitioner–Appellant,**

v.

**James A. LYNAUGH, Director, Texas Department of Corrections, Respondent–Appellee.**

No. 87–6069.

United States Court of Appeals, Fifth Circuit.

Feb. 18, 1988.

Rehearing and Rehearing En Banc Denied March 17, 1988.

---

Anthony P. Griffin, Galveston, for petitioner-appellant.

William C. Zapalac, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for respondent-appellee.

Before POLITZ, WILLIAMS and JONES, Circuit Judges.

PER CURIAM:

Appellant, Warren Eugene Bridge, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 from his conviction for capital murder. Appellant is an inmate on death row in the Texas Department of Corrections. Bridge was tried and convicted in the 212th Judicial District Court, Galveston County, for the murder of Walter Rose, on February 10, 1980, while robbing the Stop'N Go convenience store where Rose was employed. The evidence showed that Bridge shot Rose four times with a .38 caliber revolver. Bridge and an accomplice, Robert Costa, took $24.00 out of the cash register. Bridge pled not guilty to the capital murder charge. His primary defense was the claim that accomplice Costa was the actual killer of Rose.

At the separate punishment hearing after Bridge was convicted, the jury answered affirmatively the special capital punishment issues, and Bridge was sentenced, on September 10, 1980, to death by lethal injection pursuant to Tex.Crim.Proc. Code Ann. § 37.071. The Texas Court of Criminal Appeals affirmed his conviction and sentence. *Bridge v. State*, 726 S.W.2d 558 (Tex.Crim.App.1986). A fuller description of the factual background of this case is contained in the Court of Criminal Appeals of Texas opinion. Bridge's accomplice, Robert Costa, was convicted of aggravated robbery and sentenced to 13 years in prison in a separate trial.

Bridge did not seek certiorari review of his conviction from the United States Supreme Court. Bridge, however, filed a writ of habeas corpus, on June 25, 1987, in state district court in Galveston pursuant to Tex. Crim.Proc. Code Ann. § 11.07. On August 24, 1987, the state district court recommended the writ application be denied without a hearing. On September 4, 1987, the Texas Court of Criminal Appeals denied the writ application. On September 21, 1987, Bridge filed a habeas corpus petition with the federal district court in Galveston and asked the court to stay his execution scheduled for October 1, 1987. On September 24, 1987, the federal district court entered its order denying the stay of execution and the requested writ of habeas corpus. The next day the district court also denied Bridge's Certificate of Probable Cause but granted leave to proceed *in forma pauperis*. We granted Bridge's motion to proceed *in forma pauperis*, granted his certificate of probable cause, and granted him a stay of execution until further order of this Court. The habeas corpus petition which we review is appellant's first petition in the federal courts.

### I.

Appellant's first argument in his petition alleges he was deprived of his due process rights to a fundamentally fair trial under the Fourteenth Amendment by the trial court's refusal to allow into evidence at the guilt/innocence phase of his trial testimony

regarding Robert Costa's indictment, conviction, and sentence for aggravated robbery. The trial court also granted the state's oral motion in limine preventing defense counsel from even mentioning at any time during trial that Costa had been indicted, tried, and convicted of aggravated robbery and sentenced to only 13 years. Bridge claims this exclusion was unfair because it prevented the jury from understanding the "relative posture" of appellant and the testimony of one of the state's witnesses. This is an obscure contention because the testimony of the state's witness was only in a vague and general way related to the crime.

■ It is well settled law in this Circuit that in reviewing state evidentiary rulings in habeas corpus petitions "[w]e do not sit as a super state supreme court to review error under state law." *Bailey v. Procunier*, 744 F.2d 1166, 1168 (5th Cir.1984); *Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir.1983), *cert. denied*, 469 U.S. 873, 105 S.Ct. 224, 83 L.Ed.2d 153 (1984). An evidentiary error in a state trial justifies federal habeas corpus relief only if the error is "so extreme that it constitutes a denial of fundamental fairness under the Due Process Clause." *Bailey v. Procunier*, 744 F.2d at 1168. *See also Skillern v. Estelle*, 720 F.2d at 852. The challenged evidence must be "a crucial, critical, or highly significant factor in the context of the entire trial." *Thomas v. Lynaugh*, 812 F.2d 225, 230 (5th Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 132, 98 L.Ed.2d 89 (1987). *See also, Bailey v. Procunier*, 744 F.2d at 1168–69; *Skillern v. Estelle*, 720 F.2d at 852.

Such was not the situation in the case at bar. Costa's conviction and sentence were not even probative evidence in Bridge's trial. This information was not necessary for an understanding of the state witness' testimony, which was in general that Bridge was easily influenced by others and was a drug user. Nor does it relate to the issue of appellant's culpability. At most, it might have swayed the jury to go a little easier on Bridge because Costa got such a light sentence. These circumstances are

not a legitimate basis for admission of evidence.

■ A co-defendant's conviction and sentence for an offense arising out of the same course of events is irrelevant to the question of the defendant's guilt and thus not admissible. *United States v. Miranda,* 593 F.2d 590, 594 (5th Cir.1979); *United States v. Irvin,* 787 F.2d 1506, 1516 (11th Cir.1986); *Rodriquez v. State,* 552 S.W.2d 451, 456 (Tex.Crim.App.1977); *Antwine v. State,* 486 S.W.2d 578, 581 (Tex.Crim.App. 1972); *Martin v. State,* 206 S.W.2d 254, 255 (Tex.Crim.App.1947). The Texas trial court made no error in refusing to admit this evidence or allow defense counsel to make reference to it. As a result there is no basis for habeas relief.

## II.

Appellant's remaining habeas challenges to his conviction are in the form of ineffective counsel claims.

Claims of ineffective counsel are reviewed under the two prong standard of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See also Darden v. Wainwright,* 477 U.S. 187, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986); *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). First petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington,* 466 U.S. at 688, 104 S.Ct. at 2064. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different." 466 U.S. at 694, 104 S.Ct. at 2068. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." 466 U.S. at 687, 104 S.Ct. at 2064. Appellant must make both these showings in order to have habeas relief based on an ineffective counsel claim. *Id.*

■ In applying the first *Strickland* criterion, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional competence, or that, under the circumstances, the challenged action "might be considered sound trial strategy." *Strickland v. Washington,* 466 U.S. at 689, 104 S.Ct. at 2065, *quoting Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955). Every effort must be made to eliminate the distorting effects of hindsight—judicial scrutiny of counsel's performance must be highly deferential. *Id.*

■ Furthermore, it is not sufficient that a habeas petitioner merely alleges a deficiency on the part of counsel. He must affirmatively plead the resulting prejudice in his habeas petition. *Hill v. Lockhart,* 474 U.S. at 59–61, 106 S.Ct. at 371; *Manning v. Warden, Louisiana State Penitentiary,* 786 F.2d 710, 712 (5th Cir.1986).

We will apply this two part *Strickland* standard to each of appellant's ineffective counsel claims.

## A.

■ Appellant's first claim as to ineffective counsel relates to his trial counsel's failure to object to testimony introduced by the state during the guilt/innocence stage of his trial concerning his escape from jail. Bridge escaped from the Galveston county jail on the night of July 9, 1980, while in custody on this capital murder charge. He was recaptured the following morning in Texas City. Bridge claims this evidence of his escape was used to try him for being a bad person generally in contravention of the rules of evidence concerning character evidence. Bridge claims his trial counsel was constitutionally ineffective in failing to object to this evidence.

Appellant is incorrect about this evidence being inadmissible. Under Texas law, evidence of escape from custody or flight to avoid arrest is generally held admissible on the issue of guilt. *Rumbaugh v. State,* 629 S.W.2d 747, 752 (Tex.Crim.App.1982); *McWherter v. State,* 607 S.W.2d 531 (Tex.

Crim.App.1980). "[T]o support admission of evidence of escape from custody and flight, it must appear that the escape and flight has some legal relevance to the offense under prosecution." *Hodge v. State,* 506 S.W.2d 870, 873 (Tex.Crim.App.1973). The state established the relevance by showing that appellant was in custody pending his trial for capital murder. He was not awaiting trial for any other crimes at the time.

Once escape and flight is established, "the burden then shifts to the defendant to show affirmatively that the escape and flight is directly connected to some other transaction and further show that it is not connected with the offense on trial." *Id.* *See also Wockenfuss v. State,* 521 S.W.2d 630 (Tex.Crim.App.1975). Since appellant did not offer any affirmative proof showing the escape was motivated by other factors, he failed to carry this burden of proof. The evidence concerning his escape was therefore admissible under Texas law and there was no basis for objection. Appellant's counsel can not be held ineffective for failing to object to this evidence. This ineffective counsel claim fails to satisfy either of the *Strickland* requirements.

### B.

Appellant also claims his trial counsel was ineffective in failing to object to improper jury arguments made by the state. Appellant asserts that the prosecutor told the jury to disregard the court's charge and the relevant law concerning burden of proof, presumption of innocence, and appellant's right not to testify. Since appellant's trial counsel did not make objections to these statements, the alleged error was waived on appeal unless it was fundamental error. Appellant's counsel on his appeal to the Texas Court of Criminal Appeals, however, did not raise the claim as fundamental error. Bridge is saying both his trial counsel and his counsel on appeal were ineffective for their failure to object to or challenge the state's jury argument.

Upon review of the record, we find no basis in appellant's ineffective counsel claim on this issue. "In federal habeas actions, improper jury argument by the state does not present a claim of constitutional magnitude unless it is so prejudicial that the petitioner's state court trial was rendered fundamentally unfair within the meaning of the Fourteenth Amendment's Due Process clause." *Felde v. Blackburn,* 795 F.2d 400, 403 (5th Cir.1986), *cert. denied,* —— U.S. ——, 108 S.Ct. 210, 98 L.Ed. 2d 161 (1987). *See also Whittington v. Estelle,* 704 F.2d 1418, 1422 (5th Cir.), *cert. denied,* 464 U.S. 983, 104 S.Ct. 428, 78 L.Ed.2d 361 (1983). "To establish that a prosecutor's remarks are so inflammatory as to prejudice the substantial rights of a defendant, the petitioner must demonstrate either persistent and pronounced misconduct or that the evidence was so insubstantial that (in probability) but for the remarks no conviction would have occurred." *Felde v. Blackburn,* 795 F.2d at 403.

The requisite showing is a difficult one for a criminal defendant to establish on appeal. The burden is even more difficult in this case because Bridge must not only show improper jury argument rising to the level of a constitutional impairment of a fundamentally fair trial, but he must also show that his trial counsel was constitutionally ineffective in failing to object to the argument *and* that his counsel on appeal was constitutionally ineffective in not challenging this argument as fundamental error on appeal. Appellant falls far short of such a showing. The prosecutor did state that the court in instructing as to the various possibilities of the verdict was "overly protecting" the rights of Bridge, but this really was no more than prosecutorial comment on the weight of the evidence. Also, the prosecutor's comment concerning burden of proof might have been slightly misleading to the jury only if taken out of context.[1] We find no violation that impinges on the appellant's constitutional right to

---

1. Read in context, the prosecutor's argument was that the evidence presented by the state was sufficient to overcome defendant's presumption of innocence, but that in order to convict defendant, the government would have to prove all the necessary elements beyond a reasonable doubt. The prosecutor merely argued that the government had carried that burden.

a fundamentally fair trial. *See Ortega v. McCotter,* 808 F.2d 406 (5th Cir.1987). We cannot hold that appellant's trial counsel was constitutionally ineffective in failing to object to the jury argument or that his appellate counsel was ineffective in not raising this issue on appeal. Appellant's ineffective counsel challenge on this theory must necessarily fail. *Ricalday v. Procunier,* 736 F.2d 203 (5th Cir.1984); *Taylor v. Maggio,* 727 F.2d 341 (5th Cir.1984).

### C.

Appellant also has several complaints about his trial counsel's performance during voir dire. One of his complaints is based on his belief that his trial counsel wasted three peremptory challenges on venire members that appellant now feels could have been challenged for cause had his trial counsel been effective. Appellant also claims his trial counsel was ineffective in not requesting additional peremptory challenges.

■ Appellant asserts that venire members Gallaway and Gamble said during their voir dire examination that they would require the defendant to disprove one of the special issues concerning capital punishment instead of requiring the state to carry the burden of proving it.[2] Appellant now claims that his trial counsel failed to get Gallaway and Gamble removed for cause on the correct ground based on these statements[3], thereby having to waste peremptory strikes on them. The refusal to grant challenge for cause "is within the discretion of the trial court, and it does not provide a basis for habeas corpus relief unless the disqualifying fact was so prejudicial that the refusal deprived the petitioner of a fundamentally fair trial." *Sudds v. Maggio,* 696 F.2d 415, 416 (5th Cir.1983); *Passman v. Blackburn,* 652 F.2d 559, 567 (5th Cir.1981), *cert. denied,* 455 U.S. 1022, 102 S.Ct. 1722, 72 L.Ed.2d 141 (1982).

The state correctly points out that the totality of Gallaway's and Gamble's responses, including those made during rehabilitation, indicate that they would place the burden on this issue properly on the state. The responses from these two venire members stating otherwise appear to have resulted in part from the confusing nature of some of defense counsel's questioning on this issue. In summary, the record shows that there probably could not have been justification for challenge for cause based on these two venire members improperly placing the burden of disproving future dangerousness on the defendant. The ultimate outcome of their answers was to the contrary. Appellant's trial counsel cannot be faulted for failing to make these challenges for cause.

Appellant has a similar complaint concerning venire member Whitmore and his conflicting responses regarding the placement of the burden of proof on the issue of future dangerousness. Appellant's trial counsel properly moved to have Whitmore removed for cause and objected when the court denied the motion. Appellant, however, alleges his counsel on appeal was ineffective in failing to raise this alleged error on appeal to the Texas Court of Criminal Appeals. *Wicker v. McCotter,* 783 F.2d 487, 497 (5th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 3310, 92 L.Ed.2d 723 (1986).

Once again on the record the state appears to be correct in saying that venire member Whitmore's conflicting answers concerning the imposition of the death penalty without the state proving future dangerousness resulted primarily from confusion and not bias. If a defendant challenges a venire member for cause and the trial court denies the challenge, the Texas Court of Criminal Appeals will review the propriety of the decision in light of all the responses of the venire member. *Clark v. State,* 717 S.W.2d 910 (Tex.Crim.App.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 2202,

---

**2.** This was the future dangerousness issue. A finding that defendant will pose a future threat to society is required by Texas law before the death penalty can be imposed. The state must carry the burden of proving this issue.

**3.** Evidently appellant's trial counsel attempted to get Gamble removed for cause based on her knowledge of criminology and her belief that criminals generally are freed too soon. Gallaway was challenged by appellant's trial counsel on the basis of her conflicting answers regarding burden of proof.

95 L.Ed.2d 857 (1987). A review of the record convinces us that the trial court's decision is sufficiently supported by the record and would have been upheld on appeal had appellant's counsel raised it as a ground of error. There is no showing that Whitmore was biased against the law, as a matter of law, thus necessitating his removal when challenged for cause. *Cf. Anderson v. State,* 633 S.W.2d 851, 854 (Tex.Crim.App.1982) (explaining when bias exists as a matter of law). We conclude that appellant's counsel on appeal was not ineffective in failing to raise this issue as a point of error.

#### D.

■ Finally, appellant alleges in passing that his trial counsel was ineffective in failing to attempt to rehabilitate four venire members who expressed personal convictions against the death penalty. All four of these venire members were removed for cause. A review of the record convinces us that all four of these venire members were unequivocal in their feelings against the death penalty and would not be able to function properly as jurists in a capital case. *Adams v. Texas,* 448 U.S. 38, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980). A trial counsel's decision not to attempt to rehabilitate a venire member under such circumstances does not constitute ineffective assistance of counsel. *Moore v. Maggio,* 740 F.2d 308, 317 (5th Cir.1984), *cert. denied,* 472 U.S. 1032, 105 S.Ct. 3514, 87 L.Ed.2d 643 (1985).

#### III.

As an alternative to this Court granting habeas corpus relief on any of the grounds discussed above, appellant asks that the case be remanded to the district court for further evidentiary development on his claims. "In order to be entitled to an evidentiary hearing before the district court, a habeas petitioner must allege facts which, if proved, would entitle him to relief." *Taylor v. Maggio,* 727 F.2d at 347. Appellant has failed to carry this burden. The issues upon which Bridge asks to have an evidentiary hearing are essentially the same ineffective counsel issues he has urged on this appeal. And we have held

these issues to be meritless. A further evidentiary hearing would serve no useful purpose since the record before us is fully adequate for us to resolve these issues.

There is only one issue which we have not already addressed but as to which appellant asks for an evidentiary hearing. It concerns the overall criminal defense counsel expertise of his trial attorneys. Appellant claims his counsel had little or no criminal trial experience prior to representing him in this capital case and that one of his counsel has subsequently been disbarred for a felony conviction involving cocaine. A review of the record, however, convinces us that appellant's trial attorneys provided effective assistance. Appellant has failed to point out any specific examples how his trial counsel were ineffective beyond those contentions previously discussed and found not to establish grounds for habeas relief.

#### IV.

Having reviewed appellant's petition for habeas corpus, we find no basis upon which to grant petitioner any relief. Appellant's petition for habeas corpus is denied, and the stay of execution is dissolved.

DENIAL OF HABEAS CORPUS AFFIRMED.

STAY OF EXECUTION VACATED.