IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-30500
Summary Calendar
_____

CARL ENGLAND,

Petitioner-Appellant,

versus

BURL CAIN, Warden;
RICHARD P. IEYOUB, Attorney General,

Respondents-Appellees.

_____

Appeal from the United States District Court for the
Eastern District of Louisiana
(94-CV-3808)

_____

(September 28, 1995)

Before GARWOOD, WIENER and PARKER, Circuit Judges.[*]

PER CURIAM:

Petitioner-appellant Carl England (England) was convicted after a jury trial of aggravated battery in Louisiana state court and sentenced to ten years at hard labor. His conviction and sentence were affirmed on direct appeal by the Louisiana First Circuit Court of Appeal. England also filed an application for

Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

post-conviction relief in the Louisiana courts, which was denied.

England subsequently filed the present petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleged that the evidence was insufficient to support his conviction for aggravated battery, that the trial court accepted a verdict that did not clearly convey the intent of the jury, and that he had been denied the effective assistance of counsel because his trial counsel failed to have the jury polled and failed to object to the trial court's acceptance of the jury's verdict.

The magistrate judge concluded that the evidence was sufficient to support England's conviction, that the jury's verdict clearly conveyed the intention of the jury, and that England had not shown that his attorney's performance was deficient. The magistrate judge thus recommended that England's habeas petition be denied. The district court adopted the report and recommendation of the magistrate judge and denied England's habeas petition. England filed a timely notice of appeal from the court's judgment. The district court granted England's request for a certificate of probable cause (CPC).

England argues that the state trial court accepted a verdict that did not clearly convey the intent of the jury. He contends that because the jury merely returned a verdict of "guilty" and did not specify guilty as to which offense, the verdict did not clearly convey whether the jury's intent was to find him guilty as charged or guilty of a lesser-included offense.

The verdict form given the jury was as follows:

"We, the jury, find the defendant, CARL L. ENGLAND,

_____

_____

_____
                Foreman

_____
                Date"

When returned by the jury, the blank following England's name had been filled in with (and only with) the word "Guilty" (and the verdict had been signed by the foreman and dated).

The verdict form as given to the jury also contained the following statement:

"<u>Responsive Verdicts</u>

GUILTY

GUILTY OF SECOND DEGREE BATTERY

GUILTY OF SIMPLE BATTERY

NOT GUILTY"

The trial court instructed the jury as follows:

"[T]he verdicts which may be returned in this case are: Guilty, guilty of second degree battery, guilty of simple battery, and not guilty.

Thus, if you are convinced beyond a reasonable doubt that the defendant is guilty of aggravated battery, the form of your verdict should be: We, the jury, find the defendant guilty.

If you are not convinced the defendant is guilty of aggravated battery, but you are convinced beyond a reasonable doubt that the defendant is guilty of second degree battery, the form of your verdict should be: We, the jury, find the defendant guilty of second degree battery.

3

If you are not convinced the defendant is guilty of aggravated battery, but you are convinced beyond a reasonable doubt that the defendant is guilty of simple battery, the form of your verdict should be: We, the jury, find the defendant guilty of simple battery.

If the State has failed to prove beyond a reasonable doubt that the defendant is guilty of either the offense charged or of a lesser included offense, the form of your verdict should be: We, the jury, find the defendant not guilty.

Under Louisiana law, there is "no formal requirement as to the language of the verdict except that it shall clearly convey the intention of the jury." La. Code Crim. Proc. Ann. art. 810 (West 1995). The jury's verdict clearly conveyed its intention to find England guilty of aggravated battery. England's argument is thus without merit.

England argues that the evidence was insufficient to support his conviction for aggravated battery. He contends that he stabbed the victim in self-defense.

The standard for testing the sufficiency of the evidence in a federal habeas review of a state conviction is whether, "'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Guzman v. Lensing*, 934 F.2d 80, 82 (5th Cir. 1991) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). This standard is applied with reference to the substantive elements of the criminal offense as defined by state law. *Isham v. Collins*, 905 F.2d 67, 69 (5th Cir. 1990). When, as here, a state appellate court has reviewed the issue of the sufficiency of the evidence, that court's

4

determination is entitled to some weight in a federal habeas review. *Porretto v. Stalder*, 834 F.2d 461, 467 (5th Cir. 1987).

England concedes in his brief that he stabbed the victim. He contends, however, that the stabbing was necessary to protect himself because the victim had a gun and that the stabbing was thus committed in self-defense. Under Louisiana law, the "use of force or violence upon the person of another is justifiable, when committed for the purpose of preventing a forcible offense against the person . . . provided that the force or violence used must be reasonably and apparently necessary to prevent such offense. . . ." La. Rev. Stat. Ann. 14:19 (West 1995).

Terrence Pichon, the victim in the case, testified at trial that he walked up to England to buy a "joint of marijuana" and that he gave England two dollars for the "joint." England then asked to use Pichon's cigarette lighter. Pichon testified that he eventually asked England to give him either his "money or the joint" and his cigarette lighter, but that England would not give him the items. Pichon "reached for the lighter and [his] two dollars" and "pushed [England] a little bit." Pichon testified that England then stabbed him. Pichon further testified that he did not have a weapon on his person at the time. Officer Rob Callahan and Detective Louis Thompson testified that no gun was found on Pichon's person, in his clothing, or in his personal belongings; nor was a gun found in the area of the stabbing.[1]

---

England did not testify. A statement he gave the police about two weeks after the incident claims that he stabbed Pichon in self-defense, and that he had gone over by a tree to get the knife

Viewing the evidence in the light most favorable to the state, the jury could have found beyond a reasonable doubt that England stabbed Pichon and that the stabbing was not committed to "prevent[] a forcible offense" against England's person, nor was England's action either reasonable or apparently necessary to prevent any such offense. Further, the evidence supports the state appellate court's finding that "the state clearly negated [the] possibility [that the stabbing was committed in self-defense] beyond any reasonable doubt." The evidence is therefore sufficient to support England's conviction for aggravated battery.

England argues that he received ineffective assistance of counsel in that his counsel was ineffective for failing to have the jury polled as to their verdict and by failing to object to the trial court's acceptance of a faulty verdict.

To obtain habeas corpus relief based upon ineffective assistance of counsel, a petitioner must show not only that his attorney's performance fell below an objective standard of reasonable competence, but that the petitioner was prejudiced by his counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In evaluating such claims, this Court indulges in "a strong presumption" that counsel's representation fell "within the wide range of reasonable professional competence," *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988). Judicial

_____

because Pichon had a gun. Defense witness Rushing testified he was present on the occasion in question and that although he did not see the stabbing or any knife he did see Pichon pull out a pistol. He does not mention England going to a tree or getting a knife.

6

scrutiny of counsel's performance must be highly deferential. *Strickland*, 466 U.S. at 689.

As discussed above, England's argument that the state trial court erroneously accepted a faulty jury verdict is meritless. Moreover, the Louisiana First Circuit Court of Appeal in denying England post-conviction relief held that "the verdict was not improper." *State of Louisiana Ex Rel Carl England v. State of Louisiana*, No. 92-KW-1499 (La. App. 1st Cir. Oct. 13, 1992). Counsel was not required to raise a meritless objection to the court. Further, a review of the transcript shows that England's counsel requested that the jury be polled and that it was in fact polled. England has failed to show that his counsel's performance was deficient.[2]

None of England's contentions on appeal has merit. The judgment is accordingly

AFFIRMED.

---

Nor is there anything to suggest possible prejudice respecting either claim of ineffective assistance.