**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-40554
Summary Calendar

ELIFONSO LOPEZ,

Petitioner-Appellee,

VERSUS

WAYNE SCOTT, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
(B-93-CV-213)

May 15, 1996

Before WIENER, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[1]

Elifonso Lopez was convicted after a jury trial in Texas state court of aggravated sexual assault on a child and sentenced to life imprisonment. His conviction was affirmed on direct appeal, and his state habeas application was denied without written order by

---

[1]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

the Texas Court of Criminal Appeals.

Lopez subsequently filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleged, *inter alia*, that he had received ineffective assistance of counsel because his attorney failed to investigate and present his alibi defense, by which he claimed that he was incarcerated on the date of the offense as alleged in the indictment.

The respondent filed a motion for summary judgment, arguing that the State was not bound by the date alleged in the indictment, but was required to prove only that the offense occurred prior to the return of the indictment and within the limitations period. After conducting an evidentiary hearing, the magistrate judge made the following findings of fact and conclusions of law: that Lopez began serving time in the Texas Department of Criminal Justice (TDCJ) on October 1, 1987; that he was paroled on February 25, 1988, and remained free until August 16, 1988; that he was released from the Cameron County Sheriff's Office on October 25, 1988, to the custody of TDCJ; that he was incarcerated in TDCJ on December 17, 1988, the date of the alleged offense; that his counsel presented the trial testimony of Parole Officer Omar Sanchez, who testified incorrectly that Lopez had been continuously incarcerated from June 1987 until May 1989; that the State then impeached Sanchez, showing that Lopez had been released from custody in February 1988; that the jury was never told that Lopez had been re-arrested in August 1988 and was still incarcerated in December 1988; that it "would have been impossible" for Lopez to have committed the offense as charged in the indictment; that if the

jury had been informed that Lopez was incarcerated on December 17, 1988, the jury could not have reasonably convicted Lopez; and that Lopez's defense counsel did not meet with Lopez prior to trial, adequately investigate the case, or accurately present Lopez's alibi defense. The magistrate judge thus determined that Lopez's attorney's performance was deficient and that Lopez was prejudiced by his counsel's "superficial and inadequate alibi defense presentation." The magistrate judge recommended that Lopez's habeas petition be granted, the state court judgment vacated, and Lopez released from custody.

The district court, in adopting the magistrate judge's Report and Recommendation, determined that Lopez's counsel was deficient, that Lopez was prejudiced by his deficiency, and therefore vacated and set aside the judgment entered by the State trial court. The State appealed. We affirm.

### DISCUSSION

The respondent argues that the district court erred by determining that Lopez was prejudiced by his trial counsel's deficient performance. The respondent contends that counsel's failure to submit conclusive proof of Lopez's incarceration on December 17, 1988, could not have resulted in prejudice to Lopez because state law does not require specific proof of the offense date, but only proof that the offense occurred prior to the return of the indictment and prior to the expiration of the limitations period. The respondent points out that the jury was informed by the State's closing argument and the jury charge that the offense

3

could have occurred at any time between December 17, 1978 and June 27, 1990. The respondent further contends that, based upon conflicting testimony at trial regarding the victim's age at the time of the offense, testimony from a psychologist that the child could have mixed up the dates, and evidence that Lopez had been released from prison in May 1989, the jury could have inferred that Lopez committed the crime in December 1989.

Lopez argues that the State's introduction of evidence showing that he had been released from jail on November 22, 1988 created the impression that he had not been incarcerated in December 1988, because the jury was never informed that he was actually released from jail into the custody of TDCJ. Lopez further argues that the fact that the offense could have been committed at any time during the applicable limitations period is irrelevant.

Testimony from Lopez's trial could have supported an inference that the offense occurred in December 1989. Criminal investigator Nikki Arias testified that the victim initially told her that the offense occurred in December 1989, and that he was confused about the dates. However, testimony at trial also raised the inference that the offense could not have occurred in December 1989, because the victim testified that the incident occurred in December 1988, the day after his eighth birthday while he was living on George Saenz Road. The testimony established that the family moved from George Saenz Road in February 1989.

To obtain habeas corpus relief based upon ineffective assistance of counsel, a petitioner must show not only that his

4

attorney's performance fell below an objective standard of reasonable competence, but that the petitioner was prejudiced by his counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In evaluating such claims, this court indulges in "a strong presumption" that counsel's representation fell "within the wide range of reasonable professional competence," *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988), and the petitioner must overcome the presumption that the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689. Judicial scrutiny of counsel's performance must be highly deferential, and courts must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

To demonstrate prejudice, the petitioner must show that counsel's deficient performance caused the result of the trial to be unreliable or rendered the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 113 S. Ct. 838, 844 (1993).

The respondent does not argue that Lopez's trial counsel's performance was adequate, but rather that Lopez was not prejudiced by counsel's deficiency. If Lopez's trial counsel had produced conclusive evidence regarding Lopez's periods of incarceration, there is a high probability that the jury would have determined that Lopez could not have committed the offense on December 17, 1988, because he was incarcerated, and that the offense could not have occurred on December 17, 1989, because the family no longer

5

lived at the address on George Saenz Road. Counsel's deficient performance thus caused the result of the trial to be unreliable.

Based on the foregoing, we hold that Lopez's attorney's performance fell below an objective standard of reasonable competence, and that Lopez was prejudiced by his counsel's deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The district court's judgment is, therefore, AFFIRMED.