**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 95-50545
(Summary Calendar)

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD RAUL SAUCEDO,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(A-93-CR-89 & A-93-CA-100)

June 19, 1996

Before GARWOOD, WIENER and PARKER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Richard Raul Saucedo, a federal prisoner proceeding pro se, appeals the district court's denial of his § 2255 motion to vacate, set aside, or correct his sentence.[1] In

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

[1] Saucedo also filed a motion for leave to file a reply brief out of time, which was granted; however, Saucedo then failed to

this motion, Saucedo proffered issues implicating ineffective assistance of counsel, improper sentencing under the Guidelines, and failure of the district court to make specific findings and to review transcripts of the sentencing and arraignment hearings.  In response, the government urged that in his plea agreement Saucedo waived his right to appeal his sentence.  For the reasons set forth below, we affirm the rulings of the district court in part, and vacate and remand in part.

I

FACTS AND PROCEEDINGS

Richard Raul Saucedo pleaded guilty, pursuant to a plea agreement; however, the record is unclear as to exactly what charge Saucedo pleaded.  Saucedo's § 2255 motion states that he was convicted of the conspiracy charge.  This is consistent with Saucedo's plea agreement and the Presentence Report (PSR) which indicate that he pleaded guilty to Count One of the indictment: conspiracy to possess with intent to distribute marijuana.  Not so the judgment, however, which states that Saucedo was convicted of Count Three of the indictment: possession with intent to distribute marijuana.  The district court sentenced Saucedo to 63 months' imprisonment followed by five years of supervised release, and Saucedo did not appeal directly.

Saucedo subsequently filed a § 2255 motion alleging that

file such a brief within the additional time permitted.

2

(1) the government failed to prove conspiracy because he was the only one charged with conspiracy, (2) he was entitled to a reduction in his base offense level for acceptance of responsibility and minimal participation in the criminal offense, and (3) he was denied effective assistance of counsel because his lawyer failed to object to the PSR's omission of these reductions. After the government responded, Saucedo filed a pleading titled "Traverse to the Government's Response," raising new allegations of ineffective assistance of counsel and alleging that the district court erred by considering improper relevant conduct in its sentencing determination.

The magistrate judge entered a report and recommendation which addressed only the issues raised in Saucedo's § 2255 motion and recommending that it be denied. Saucedo filed objections, but the district court adopted the magistrate judge's report and recommendation and denied Saucedo's § 2255 motion. Saucedo timely appealed after his motion for reconsideration was denied.

II

ANALYSIS

Saucedo argues on appeal that he was deprived of a full and fair hearing when the district court failed to make the specific finding that "the files and record of the case conclusively disentitled the movant to the relief sought," and that the district court could not deny him relief without reviewing copies of the "transcript." Saucedo also argues that the district court's

3

imposition of a sentence under § 1B1.3 of the Sentencing Guidelines and under 28 U.S.C. § 994(l)(1)(A) was improper because the court considered dismissed counts of the indictment as relevant conduct. Finally, Saucedo argues that he was denied effective assistance of counsel because his lawyer failed to object to the district court's consideration of improper relevant conduct in sentencing and failed to explain the PSR and post-plea proceedings to him.

Saucedo raised the issues relating to sentencing and ineffective-assistance-of-counsel for failure to object in his "Traverse to the Government's Response," thereby placing them before the district court. He is deemed to have abandoned all other issues raised in his original § 2255 motion (ineffective assistance of counsel for failure to object to omission of base-offense-level reductions, improper conspiracy charge, and failure to reduce his base offense level for acceptance of responsibility and minimal participation) by failing to argue them on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). We shall consider below only those issues that Saucedo has properly reserved and presented on appeal.

A.   Ineffective Assistance of Counsel

Liberally construing Saucedo's appellate brief, we read it to argue that he was denied effective assistance of counsel by his counsel's failure to explain to him the post-plea proceedings and the PSR, so as to elicit his objections; and by counsel's failure to object to the district court's consideration of dismissed counts

4

of the indictment as relevant conduct. To prevail on an ineffective assistance claim, a petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove deficient performance, the petitioner must show that counsel's actions "fell below an objective standard of reasonableness." Id. at 688. To prove prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694, and that "counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372, (1993). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding. Strickland, 466 U.S. at 694. To prove unreliability or unfairness, the petitioner must show the deprivation of a "substantive or procedural right to which the law entitles him." Fretwell, 506 U.S. at 372. In evaluating such claims, we indulge in "a strong presumption" that counsel's representation fell "within the wide range of reasonable professional competence, or that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Bridge v. Lynaugh, 838 F.2d 770, 773 (5th Cir. 1988) (citation omitted). Saucedo has the burden of overcoming that presumption. See id. "A fair assessment of attorney performance requires that

every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. A failure to establish either deficient performance or prejudice defeats the claim. Id. at 697. An ineffectiveness claim based on speculation or conclusional rhetoric will not warrant relief. See Lincecum v. Collins, 958 F.2d 1271, 1279-80 (5th Cir.), cert. denied, 506 U.S. 957 (1992).

We have applied the Strickland standard in the noncapital sentencing context. Spriggs v. Collins, 993 F.2d 85, 88 (5th Cir. 1993).

> [I]n deciding such an ineffectiveness claim, a court must determine whether there is a reasonable probability that but for trial counsel's errors the defendant's noncapital sentence would have been *significantly* less harsh. In deciding whether such prejudice occurred, a court should consider a number of factors: the actual amount of the sentence imposed on the defendant by the sentencing judge or jury; the minimum and maximum sentences possible under the relevant statute or sentencing guidelines, the relative placement of the sentence actually imposed within the range, and the various relevant mitigating and aggravating factors that were properly considered by the sentencer.

Id. at 88-89 (footnote omitted). We noted "one foreseeable exception to this requirement would be when a deficiency by counsel resulted in a specific, demonstrable enhancement in sentencing -- such as an automatic increase for a `career' offender or an enhancement for use of a handgun during a felony -- which would

6

have not occurred but for counsel's error." Id. at 89 n.4.

Saucedo's argument relating to the district court's consideration of relevant conduct is unclear. He might be arguing that the district court erred by considering dismissed counts of the indictment as a basis to enhance his sentence, and his counsel was deficient for not objecting. Or he might be arguing that the district court erred in calculating his base offense level by using 270 pounds of marijuana, which was the amount attributed to the entire conspiracy in which he was involved, because the conspiracy count was dismissed and he should have been sentenced for possession only.

If Saucedo was convicted of the conspiracy charge, his base offense level may be based on drugs that can be attributed to him in a conspiracy as part of his relevant conduct, U.S.S.G. § 1B1.3(a)(1)(A), and the PSR provided reliable evidence to allow the district court to make factual determinations required in assessing an appropriate sentence. United States v. Alfaro, 919 F.2d 962, 966 (5th Cir. 1990). If Saucedo was convicted of the possession charge, however, his arguments of ineffective assistance of counsel for failure to object to his sentencing calculation may have some merit.

The PSR does not adequately present counsel's objections, stating that Saucedo's attorneys "submitted eleven pages of objections, however, only one of these objections is scoring and will be addressed in the addendum. The remaining objections appear

7

to be insignificant and/or incorrect."  Given (1) the discrepancy in the record between the specific charge to which Saucedo pleaded guilty and what he was sentenced for, (2) the PSR's inadequate presentation of counsel's objections, and (3) the district court's failure to address this ineffective assistance of counsel argument, we cannot properly review Saucedo's properly presented assertions. Accordingly, we remand this issue to the district court for clarification and findings.

Next —— and for the first time on appeal —— Saucedo raises the issue of ineffective assistance of counsel resulting from his lawyer's failure to explain post-plea proceedings and the PSR. "[I]ssues raised for the first time on appeal are not reviewable by this [C]ourt unless they involve purely legal questions and failure to consider them would result in manifest injustice."  Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).  As Saucedo's ineffective-assistance-of-counsel claim involves a mixed question of law and fact, we need not, and therefore do not, consider it. See id.; United States v. Faubion, 19 F.3d 226, 228 (5th Cir. 1994).  Given the discrepancy in the record, however, this issue may have some merit.  It is therefore remanded to the district court for consideration along with the other remanded claim of ineffective assistance of counsel.

B.   Sentence

Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could

8

not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981). A district court's technical application of the Guidelines does not give rise to a constitutional issue. United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

Saucedo's challenge to the district court's application of § 1B1.3 of the Guidelines is not cognizable under § 2255. See id. His reliance upon § 994(l)(1)(A)[2] is misplaced, as this provision is a Sentencing Commission policy statement relating to application of the Guidelines to a multiple-offense conviction. Saucedo pleaded guilty to one offense only and the district court sentenced him for one offense only. Saucedo neither alleges any violation of his constitutional rights by the district court's action, nor explains how the court violated this provision. Therefore, this challenge is not cognizable under § 2255. See Vaughn, 955 F.2d at 368. Even though the district court failed to address these sentencing issues, such omission is immaterial because Saucedo's allegations are not cognizable under § 2255.

---

[2] "(l) The Commission shall insure that the guidelines promulgated pursuant to subsection (a)(1) reflect-
(1) the appropriateness of imposing an incremental penalty for each offense in a case in which a defendant is convicted of -
(A) multiple offenses committed in the same course of conduct that result in the exercise of ancillary jurisdiction over one or more of the offenses . . ."

C.    <u>District Court's Findings; Full and Fair Hearing</u>

Saucedo argues that the district court erred by failing to make the specific finding that the files and record conclusively show that he is not entitled to the relief sought, contending that § 2255 requires this specific finding.  Saucedo insists that he was denied a full and fair hearing on the issues presented because the district court could not deny him relief without reviewing transcripts of the sentencing proceeding and arraignment, which were not filed.

Section 2255 does not state that the court <u>must</u> enter such specific finding.  <u>See</u> § 2255.  Rule 4(b) of the Rules Governing § 2255 Proceedings states that the court <u>may</u> order summary dismissal of a motion if it "plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief. . . ."  This rule does not require the specific finding that Saucedo urges.  The magistrate judge entered sufficient findings of fact and conclusions of law in the report and recommendation adopted by the district court.  This argument has no merit.

On the other hand, Saucedo's argument that the district court could not make a determination that he was not entitled to § 2255 relief without reviewing the arraignment and sentencing transcripts may have some merit, given the discrepancy in the record discussed above.  Review of the transcripts may have been necessary to the district court's determination of some of Saucedo's allegation in

10

his § 2255 motion. The district court did not need the sentencing transcript to determine the merits of the noncognizable issues; however, the transcripts may have been needed for a valid determination of the ineffective-assistance-of-counsel issues. But, inasmuch as we are remanding the ineffective-assistance-of-counsel issues anyway, we need not here determine the merits of this argument. Rather, we commend the question to the district court for its reconsideration when conducting further proceedings on remand of the other issues.

We do not address here the government's argument that Saucedo waived his right to challenge his sentence under § 2255 in his plea agreement. As the record is unclear as to which charge Saucedo was convicted of and under which charge he was sentenced, we do not consider this argument. The government may raise it again after the district court provides clarification.

AFFIRMED in part; VACATED and REMANDED in part.