IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50749
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CULLEN REED HARRIS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-96-CV-93; W-91-CR-43-2
--------------------
September 17, 1999

Before JONES, DUHÉ, and STEWART, Circuit Judges.

PER CURIAM:[1]

Cullen Reed Harris appeals the district court's denial of his consolidated 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(2) motion. Harris argues that 1) his counsel (both trial and appellate) were ineffective for not fully exploring the issue of collusion between state and federal authorities, and 2) the district court erred in determining that the d,l-methamphetamine he possessed was a single substance and that the entire weight was therefore attributable to Harris for sentencing purposes.[2]

_____

[1]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2]We note that the third issue raised Harris' brief has previously been resolved.

We have reviewed the record and the briefs submitted by the parties and find no error in the district court's denial of Harris' § 2255 claim of ineffective assistance of counsel.  See <u>Strickland v. Washington</u>, 466 U.S. 668, 689-94 (1984); <u>Bridge v. Lynaugh</u>, 838 F.2d 770, 773 (5th Cir. 1988).  Furthermore, because § 3582(c)(2) contemplates sentence reductions based upon retroactive changes to the Sentencing Guidelines, we find that Harris'§ 3582(c)(2) argument is not cognizable.   <u>See</u> 18 U.S.C. § 3582(c)(2). Additionally, evidence conclusively established that wastewater was not included in the calculation of the weight of methamphetamine used for sentencing purposes.

AFFIRMED.