**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 98-21108
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

WISTING FIERRO RUIZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(H-95-CV-1470 & H-91-CR-211-3)

September 28, 1999

Before DAVIS, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Wisting Fierro Ruiz,[2] federal prisoner No. 59534-079, appeals the district court's dismissal of his motion for relief under 28 U.S.C. § 2255, which was filed in district court prior to the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act.

Ruiz's challenge to the district court's sentencing determinations is not cognizable under § 2255. United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). We reject Ruiz's

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2]Ruiz is sometimes referred to as Wisting Fierro. See United States v. Fierro, 38 F.3d 761 (5th Cir. 1994).

argument that the Government's failure to provide Ruiz with copies of handwriting exemplars submitted by Ruiz and codefendant Olga Martinez violated <u>Brady v. Maryland</u>.[3]

Ruiz raises a multitude of allegations of ineffective counsel. He argues that his trial counsel failed to challenge the district court's reliance on drug ledgers at sentencing; object to the district court's handling of handwriting exemplars; object to arguments concerning address books which were offered as evidence; move for a mistrial when the Government failed to call a handwriting expert as a witness; move for a new trial based on all alleged Jencks Act violation; advise Ruiz to testify at trial; impeach an FBI Agent's testimony; investigate suppression issues; obtain expert testimony; present an alibi defense; object to the introduction of telephone bills; request a buyer-seller jury instruction; and argue that the evidence established multiple conspiracies. Ruiz also suggests that he received ineffective counsel on direct appeal because his appellate attorney did not have access to transcripts of the trial and thus, simply, adopted a codefendant's appellate brief.

Ruiz's argument that counsel failed to object at sentencing is frivolous. The record shows that counsel objected that the drug ledgers were not reliable evidence for sentencing purposes. Ruiz's arguments concerning counsel's failure to object to the district court's handling of handwriting exemplars, to move for a new trial based on an alleged violation of the Jencks Act, and to impeach FBI

---

[3]373 U.S. 83, 87 (1963).

Agent Susie Wong are irrelevant.  Counsel's decisions not to object to arguments by a codefendant and the prosecutor concerning address books which apparently doubled as drug ledgers, counsel's decision not to move for a mistrial based on the Government's failure to call a handwriting expert as a witness, and counsel's advice that Ruiz not testify all fall within the realm of reasonable trial strategy.  <u>Bridge v. Lynaugh</u>, 838 F.2d 770, 773 (5th Cir. 1988). Ruiz has failed to demonstrate that he was prejudiced by counsel's alleged failure to investigate suppression issues, obtain expert testimony, present an alibi defense, object to the introduction of telephone bills, request a buyer-seller jury instruction, or argue that the evidence established multiple drug conspiracies. <u>Strickland v. Washington</u>, 466 U.S. 668, 697 (1984).

Ruiz has cited no evidence to support his conclusional assertion that appellate counsel lacked access to Ruiz's trial transcripts and we find none in the record.  <u>See</u> <u>Koch v. Puckett</u>, 907 F.2d 524, 530 (5th Cir. 1990).  Ruiz's suggestions that his appellate counsel was ineffective fail to establish that his trial was fundamentally unfair or that the jury's verdict of guilt was unreliable.  <u>See</u> <u>Goodwin v. Johnson</u>, 132 F.3d 162, 174-76 (5th Cir. 1998).

AFFIRMED.