IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-20859

Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ALBERTO ALEGRIA-MORENO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-97-CV-602)

_____

March 1, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

I

Petitioner Carlos Alegria-Moreno was charged with conspiracy to possess with intent to distribute over five kilograms of cocaine and aiding and abetting the possession of cocaine with intent to distribute.[1] He was tried and convicted on both counts with several co-conspirators. At trial, the government authenticated

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] See 21 U.S.C. §§ 841, 846 (2000).

and offered into evidence sixty-nine audio tapes of conversations among members of the alleged conspiracy and transcripts of each of the tapes.[2] Counsel for Alegria-Moreno objected to the admission of the tapes, but the trial court admitted the evidence, conditional upon a *James* determination.[3] The tapes were never played in open court, nor were the transcripts read. When the jury retired, the trial court sent the tapes and transcripts to the jury room. Counsel for Alegria-Moreno raised no objection at that time. The jury returned verdicts of guilty against Alegria-Moreno.

Alegria-Moreno did not pursue a direct appeal. He filed a petition for federal collateral relief under 28 U.S.C. § 2255 raising a number of issues, including whether his counsel was ineffective for failing to object to the sending of the sixty-nine tapes and transcripts to the jury room. The district court dismissed Alegria-Moreno's petition on the merits and issued a certificate of appealability, which, after clarification, was limited to the issue of ineffective assistance of counsel.

II

To prevail on an ineffective assistance of counsel claim, a movant must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense."[4] To prove

---

[2] The recordings on the tapes are in Spanish; the transcripts contain English translations of the recordings.

[3] *See United States v. James*, 590 F.2d 575 (5th Cir. 1979).

[4] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

2

deficient performance, the movant must show that counsel's actions "fell below an objective standard of reasonableness."[5]  This court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional competence, or that, under the circumstances, the challenged action might be considered sound trial strategy."[6]  Because we find that Alegria-Moreno's counsel was not deficient, we do not address the question of prejudice.

Alegria-Moreno argues that his counsel should have objected when the tapes and transcripts were sent to the jury room.  Such an objection, however, could have harmed Alegria-Moreno more than it helped him.  The objection not only would have drawn the jury's attention to the tapes and transcripts (there is no evidence that the jury actually read any of the transcripts in the jury room), but the objection would have demanded that the transcripts be read in open court before being sent to the jury room.  Having the transcripts read in open court would have ensured that the jury would hear the damaging content of the recordings; failing to object would have left the possibility that the jury would not read the transcripts at all.

Alegria-Moreno's counsel objected to the tapes and transcripts when the government sought to admit them, but exercised a

_____

[5] *Id.* at 688.

[6] *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988) (internal quotation marks omitted).

reasonable trial strategy in not objecting to the trial court sending the unplayed tapes and unread transcripts into the jury room.  Counsel's performance was not deficient.

                                    III

Because we find that the performance of Alegria-Moreno's counsel was not deficient, we AFFIRM the district court's denial of relief on Alegria-Moreno's ineffective assistance of counsel claim.