IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20853
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BILAL TROY FARAHKHAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC Nos. H-99-CV-1653 &
H-96-CR-24-1
--------------------
April 25, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Bilal Troy Farahkhan, federal prisoner # 72541-079, appeals the district court's denial of his 28 U.S.C. § 2255 motion. A certificate of appealability was granted on the issue of whether Farahkhan's constitutional rights were violated by his attorney's alleged refusal to allow him to testify on his own behalf at trial.

Farahkhan contends that he did not knowingly waive his right to testify because he never knew of the right. He alleges that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his attorney failed to advise him of the right and prevented him from testifying. His argument is reviewed under the framework for reviewing ineffective-assistance claims established by *Strickland v. Washington*, 466 U.S. 668 (1984). *See United States v. Brown*, 217 F.3d 247, 258 (5th Cir.), *cert. denied*, 121 S. Ct. 415 (2000). Thus, to prevail on his claim, Farahkhan must show: (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced his defense. *See Strickland*, 466 U.S. at 689-94. His claim fails under both prongs of the *Strickland* test.

Farahkhan has not demonstrated that his counsel's performance was deficient. *See Strickland*, 466 U.S. at 689-94, 697. The district court found that Farahkhan was aware of his right to testify but acceded to counsel's advice not to testify based on an agreed-upon trial strategy of discrediting the Government's primary witness and avoiding the admission of Farahkhan's three prior felony drug convictions. Counsel's advice not to testify was sound trial strategy, and Farahkhan makes no argument to the contrary. *See Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988).

Assuming *arguendo* that counsel performed deficiently by failing to advise Farahkhan of his right to testify and in failing to permit him to testify, we discern no prejudice. Farahkhan contends that his trial testimony would have provided an explanation for his presence at the crime scene that was consistent with innocence. The district court found that

although Farahkhan's testimony would have attempted to establish his innocence, it was uncorroborated, was controverted by the Government's strong evidence against him, and would have been subject to considerable attack on cross-examination. The court further noted that the Government would have been able to introduce evidence of Farahkhan's three prior—and substantially similar—felony drug convictions involving cocaine, poisoning him in the eyes of the jury. Farahkhan does not directly challenge these findings. Accordingly, he has failed to establish *Strickland* prejudice.

The district court did not err in dismissing Farahkhan's § 2255 motion, and its judgment is hereby AFFIRMED.