IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40288
Summary Calendar
_____


MANDELL RHODES, JR.,

                                        Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:99-CV-264
--------------------
October 24, 2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Mandell Rhodes, Jr., Texas prisoner number 307498, appeals the district court's denial of his 28 U.S.C. § 2254 petition. The district court granted a certificate of appealability (COA) on two issues. As to those issues, Rhodes argues that one condition of his supervised release, which he refers to as the "child safety zone" condition, was unlawfully imposed because a parole officer may not impose conditions of parole and because his criminal offense was not committed upon a child. Because

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

these issues implicate state law only, they are not cognizable in this § 2254 proceeding.  See Bridge v. Lynaugh, 838 F.2d 770, 772 (5th Cir. 1988).  Accordingly, the district court's judgment denying Rhodes relief on these issues is affirmed.

The district court denied COA on all other issues, and Rhodes further moves this court for a COA on those remaining issues.  Normally, appellate review is limited to issues upon which the district court granted a COA.  See Lackey v. Johnson, 116 F.3d 149, 151-52 (5th Cir. 1997).  When, however, a party expressly seeks a COA on additional issues, this court may certify those issues if the party meets the requirements for a COA.  See United States v. Kimler, 150 F.3d 429, 431 (5th Cir. 1998).  Rhodes contends that the lower court erred in denying his sufficiency on the evidence claim, and he argues that his due process rights were violated by the revocation of his supervised release.

Rhodes has not made a substantial showing of the denial of a constitutional right in relation to these issues.  See 28 U.S.C. § 2253(c)(1); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).  Accordingly, his motion for a COA is DENIED.

JUDGMENT AFFIRMED; COA DENIED.