United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 25, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40526
Summary Calendar

MARQUIS DE LA VICTOR GRANT,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:03-CV-103
--------------------

Before REAVLEY, JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

Marquis de la Victor Grant, Texas prisoner # 877091,
appeals the district court's denial of his 28 U.S.C. § 2254
application challenging his conviction for attempted capital
murder. We review the district court's factual findings for
clear error and the district court's conclusions of law de novo.
See Collier v. Cockrell, 300 F.3d 577, 582 (5th Cir. 2002);
United States v. Pierce, 959 F.2d 1297, 1300 n.3 (5th Cir. 1992).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

An ineffective-assistance-of-counsel claim is a mixed question of law and fact. See Kitchens v. Johnson, 190 F.3d 698, 701 (5th Cir. 1999). The 28 U.S.C. § 2254(e)(1) presumption of correctness applies to explicit and implicit findings of fact which are necessary to the state court's conclusions of mixed law and fact. See Valdez v. Cockrell, 274 F.3d 941, 948 n.11 (5th Cir. 2001).

Grant argues that trial counsel, E.J. Van Buren, performed no investigation and did not prepare for trial. He points out that counsel has been disbarred because of unprofessional conduct involving at least three client matters, that counsel had been charged with possession of cocaine, and that counsel's drug abuse was well known. Grant further asserts that counsel did not coordinate evidence to present a defense. He contends that his own trial testimony that he did not intend to kill the state trooper only makes sense in light of the psychologist's affidavit that Grant suffers from a frontal-lobe impairment. Grant contends that at least one juror would have insisted on a lesser sentence if the available mitigating evidence had been presented and that counsel's failure to do so was prejudicial.

While there is no evidence in the record that trial counsel investigated the possibility of a defense based on mental impairment, neither is there any evidence in the record that trial counsel was on notice that investigation into the possibility of such a defense was warranted. We have held that

"counsel is not constitutionally ineffective for insufficiently investigating a defendant's mental or psychological condition when there is nothing to put counsel on notice that such a condition exists." Miniel v. Cockrell, 339 F.3d 331, 345 (5th Cir. 2003). Here, there is no indication in the record that any family member or Grant's behavior itself put trial counsel on notice that mental impairment might be a viable defense such that further investigation was warranted. Grant's mother's affidavit does not aver that she told counsel regarding the injuries to Grant that she chronicled in her affidavit, and nothing in the psychologist's affidavit indicates that evidence of a frontal-lobe impairment would have been evident to counsel. Finally, counsel's misconduct in other cases is insufficient to show that trial counsel was ineffective in this particular case. See Bridge v. Lynaugh, 838 F.2d 770, 776 (5th Cir. 1988).

Grant has not shown that counsel's performance was deficient, and, consequently, his ineffectiveness-assistance claim for failure to investigate fails. See Strickland v. Washington, 466 U.S. 668, 697 (1984). Because Grant's alleged facts would not entitle him to relief if true, the district court did not err in not holding an evidentiary hearing. See Beathard v. Johnson, 177 F.3d 340, 346 (5th Cir. 1999). The judgment of the district court is AFFIRMED.